IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DEBRA LYNN LEBOURNEY §<br>    PLAINTIFF, §<br>  §<br>VS. §<br>  §<br>COMMISSIONER, §<br>SOCIAL SECURITY ADMINISTRATION, §<br>    DEFENDANT. § | CIVIL ACTION NO. 4:21-CV-115-O |

## ORDER RECOMMENDING DISMISSAL OF CASE AND RETURNING CASE TO DISTRICT JUDGE

On February 3, 2021, Plaintiff Debra Lynn Lebourney ("Lebourney") filed her complaint against Defendant Commissioner of the Social Security Administration. Lebourney also filed a motion to proceed in forma pauperis that same day, which the Court ultimately granted on March 9, 2021. Thereafter, on July 16, 2021, Defendant filed her answer to Lebourney's complaint. On July 18, 2021, the Court issued an Order Directing Case to Be Treated as an Appeal that required Lebourney to file a brief within thirty days setting forth all the errors that she contends entitle her to relief. Lebourney failed to comply with the Court's order.[1]

Consequently, on September 21, 2021, the Court issued an Order Directing Plaintiff to File Brief, which required Lebourney to file her brief no later than October 5, 2021, and cautioned Lebourney that, if she failed to comply with this order, the Court would recommend dismissal without further notice of her claims and causes of action against Defendant. As of the date of this order, Lebourney has wholly failed to file such a brief.

---

[1] The Court notes that, on June 24, 2021, Lebourney filed a Motion to Request the Plaintiff's Presence at the Hearing ("Motion") in which she attached a copy of the ALJ's August 13, 2020 decision and a statement of her arguments, as well as some medical and other evidence. The Court, in an order dated that same day, denied Lebourney's Motion and set forth the proper procedure for Lebourney to file her brief. The Court specifically stated that, once Defendant filed an answer and the administrative record, it would be issuing an Order Directing Plaintiff to File Brief and that Plaintiff "should pay close attention to the instructions and deadlines in this order and file her **brief and all evidence** she wants considered by the Court in ruling on her appeal."

Federal Rule of Civil Procedure ("Rule") 41(b) authorizes a court to dismiss an action *sua sponte* for failure to prosecute or failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Although the language of Rule 41(b) specifically addresses dismissal pursuant to a motion brought by a Defendant, the Fifth Circuit has recognized that a court's authority to dismiss a case *sua sponte* under Rule 41(b) flows from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

In the instant case, Lebourney has been given ample opportunity to file her brief in support of her appeal. The fact that Lebourney is proceeding *pro se* does not excuse her from following the orders of the Court as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (internal quotations omitted). The Court, therefore, **RECOMMENDS** dismissal of this case without prejudice pursuant to Rule 41(b).

Based on the foregoing, it is **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is **RETURNED** to the docket of the United States District Judge.

SIGNED October 12, 2021.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE